UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NATHAN MARQUIS LEBARON, et al.,   )
      Plaintiffs,       )
                        )  Civ. Action No. 17-10323-PBS
      v.              )
                        )
MASSACHUSETTS PARTNERSHIP FOR   )
CORRECTIONAL HEALTH, et al.,    )
      Defendants.      )

MEMORANDUM AND ORDER
March 20, 2017

SARIS, C.D.J.

For the reasons set forth below, the Court (1) grants Jones' Motion to Proceed *In Forma Pauperis* and defers the assessment of the filing fee until the Court receives a copy of Jones' certified prison account statement; (2) denies CFB's Motion to Proceed *In Forma Pauperis* and provides CFB additional time for counsel to enter an appearance; (3) finds that Jones will be the sole plaintiff unless LeBaron either pays the filing fee or moves to proceed *in forma pauperis* with a claim asserting an imminent danger of serious physical injury; (4) denies without prejudice the Emergency Motion for TRO to Enforce All Doctors' Orders and RLUIPA Religious Exercise; (5) directs the Clerk to issue summons as to the identified defendants only; and (6) requests a Status Report from legal counsel for the Massachusetts Department of Correction and Superintendent Medeiros.

BACKGROUND

Plaintiffs Nathan Marquis LeBaron ("LeBaron") and Stephen Jones ("Jones"), prisoners at MCI Norfolk, bring this civil rights action against various prison medical and administrative staff, and others, pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights), 42 U.S.C. § 2000cc-1(a) (Religious Land Use and Institutionalized Persons Act), and 42 U.S.C. § 12131 (Americans With Disabilities Act).  Also named as plaintiff is the non-profit corporation Church of the Firstborn Kahal Hab'Cor ("CFB").  Plaintiffs seek monetary damages as well as declaratory and injunctive relief.

According to the complaint, the inmates at MCI Norfolk are denied adequate drinking water.  The complaint alleges, among other things, that inspections by the Massachusetts Department of Environmental Protection ("DEP") found repeat health and safety violations at MCI Norfolk in 2015.  The complaint alleges that the water is often black or brown, indicating high levels of lead, cooper and other contaminants.  At such times, inmates are sometimes instructed not to drink the water or shower, and bottled water is provided only to prison employees and to the dogs who are being trained for the National Education for Assistance Dog Services ("NEADS").

Additionally, the complaint alleges that Jones arrived at MCI Norfolk on October 14, 2016, shortly after receiving a

transplanted liver.  Although Jones takes medication to prevent rejection of the recently transplanted organ, plaintiffs ask the Court to order the defendants to provide Jones with (1) the medications Eucarin and Gabepentin, (2) distilled drinking water and (3) a bottom bunk pass.  Plaintiffs contend that the water treatment methods cause adverse effects on the prison population and presents a greater risk to Jones, who cannot afford to purchase bottled water and whose request for distilled water was denied.

Finally, the complaint alleges that Jones and LeBaron are members of the Church of the Firstborn Kahal Hab'Cor (the "CFB") and that the contaminated water conflicts with their access to a "Holy Diet" as prescribed by the CFB.

With the complaint, plaintiffs' filed a one-page "Emergency Motion for TRO to Enforce ALL Doctors' Orders and RLUIPA Religious Exercise" and supporting Memorandum of Law.  Also filed was CFB's one-page motion to proceed *in forma pauperis*. On March 7, 2017, Stephen Jones filed a motion to proceed *in forma pauperis*.

## DISCUSSION

### I.    The Claims by Plaintiff CFB are Subject to Dismissal because a Corporation Cannot Proceed *Pro Se*

As an initial matter, the Court notes that corporations are unable to appear *pro se*, and the Court will not recognize the

appearance of a firm or corporation unless it is accompanied by the appearance of at least one attorney. District of Massachusetts Local Rule 83.5.5(c) (providing that "[a] corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear pro se."); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 199–206 (1993) (recognizing the majority rule that prohibits corporations, partnerships and associations from appearing in federal court "otherwise than through a licensed attorney," and linking the right to proceed in forma pauperis to this limitation, concluding that an association of prison inmates did not qualify as a "person" under 28 U.S.C. § 1915, 42 U.S.C. § 1983); Instituto de Educacion Universal Corp. v. United States Dep't of Educ., 209 F.3d 18 (1st Cir. 2000) (distinguishing rule that corporation must be represented by counsel by holding that corporate officer may sign notice of appeal, so long as counsel is retained promptly to prosecute the appeal); Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 375 (D. Mass. 2000) ("Corporations, despite their pervasive role in our modem society, are not human beings. Although we are prone to regard them as living entities, they are only creatures of the state subject to government regulation and control. One of the time-hallowed restrictions on corporations has been that, in court

4

proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal or unconstitutional in this requirement.").

The prohibition against corporations appearing *pro se* equally applies to non-profit corporations.[1]  United We Stand Am., Inc. v. United We Stand, Am. N. Y., 128 F.3d 86, 88 (2d Cir. 1997) (reasoning that default was entered against a non-profit organization when its counsel withdrew and the organization failed to substitute new counsel as per the court's order).  Even if the non-profit corporation is composed of members who are currently imprisoned and it benefits prisoners, an attorney must still represent the corporation.  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) (acknowledging that a limited exception exists for a closely held corporation with one sole shareholder).

Here, Nathan Marguis LeBaron seeks to bring suit on behalf of CFB.  However, LeBaron may act *pro se* only on his own behalf, and he may not represent the interests of CFB because he is not alleged to be a duly-licensed attorney.  See 28 U.S.C. § 1654 (appearance personally or by counsel); District of Massachusetts Local Rule 83.5.5(a) (providing that "[a]n individual who is not

---

[1] Plaintiffs allege that CFB is a non-profit corporation:  "CFB is a corporation filed under G.L. c. 180 [Corporations for Charitable and Certain Other Purposes] and CFB's corporation Sole is a nonprofit entity distinct from the President of CFB to which duties adhere under ecclesiastical law." Complaint, ¶ 4.

represented by counsel and who is a party in a pending proceeding may appear *pro se* and represent himself or herself in the proceeding.").

Therefore, CFB's Motion to Proceed *In Forma Pauperis* is DENIED.  If CFB intends to proceed in this action, CFB must retain counsel.

## II.  Plaintiff Jones' Motion to Proceed *In Forma Pauperis*

After review of Jones' financial disclosures in his Motion to Proceed *In Forma* Pauperis, the court will ALLOW the motion notwithstanding that Jones failed to submit a certified prison account statement as required under 28 U.S.C. § 1915(a)(2). Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status.  Because Jones is a prisoner, he is obligated to make payments toward the $350.00 filing fee pursuant to 28 U.S.C. § 1915(b), but this court

cannot assess the fee without the certified prison account statement.

Accordingly, it is ordered that Jones shall, within 42 days of the date of this Memorandum and Order, submit a certified prison account statement for the six-month period preceding the filing of the complaint.  A copy of this Memorandum and Order shall be sent to the Treasurer's Office at MCI Norfolk with the request that it provide Jones with a certified prison account statement reflecting the average monthly balance and average monthly deposits for the six-month period preceding February 21, 2017.

Upon receipt of the certified prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed, the plaintiff remains obligated to pay the fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).  Failure by Jones to comply with this directive to submit a certified prison account statement may result in a dismissal of this action.

The Clerk will be directed to issue summons as to the identified defendants only.  Although the use of fictitious

7

names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint.  See Martínez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007).  If, through discovery, Jones discovers the true name of any or all of the "Doe" defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims."  Id. at 8 n. 5.

## III. LeBaron Received "Three Strikes" Under 28 U.S.C. § 1915(g)

The Court's records indicate that LeBaron, on three or more prior occasions, had non-habeas civil actions dismissed as frivolous or failing to state a claim.  See Lebaron v. Meal Mart, et al., C.A. No. 12-11134-PBS (D. Mass. Jun. 28, 2012) (collecting cases).  As already noted, Nathan Marguis LeBaron seeks to bring suit on behalf of CFB.  To the extent LeBaron intends to pursue an individual claim, his ability to proceed *in forma pauperis* is limited to claims asserting an imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g).

Accordingly, unless LeBaron either pays the applicable filing fee or moves to proceed in forma pauperis with a claim asserting an imminent danger of serious physical injury, Jones will be the sole plaintiff in this action.

## IV.  Plaintiff's Motion for Temporary Restraining Order

Plaintiffs Emergency Motion for TRO shall be denied without prejudice at this time.  A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days.  Fed R. Civ. P. 65(b)(2).  A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  Even where a plaintiff makes a showing of "immediate and irreparable" injury, the Court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm."  Farmer v. Brennan, 511 U.S. 825, 845 (1994).

In ruling on a motion for a preliminary injunction or temporary restraining order, the Court must consider: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the injunction or its denial

would have on the public interest." Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014).

The emergency motion seeks to have distilled water provided to Jones, due to his medical condition, and all CFB members, based on their religious observance.  The emergency motion also seeks the provision to Jones of a bottom bunk pass and the medications Eucerin and Gabapentin for the severe nerve damage to Jones' feet.  Based on the allegations in the complaint and emergency motion, it would not be appropriate to enter an order for this form of relief at this time.  Although the complaint describes the beliefs of CFB members as well as  Jones' medical condition, which the court takes very seriously, the court does not deem it appropriate order such remedies without first considering the response of the defendants (several of whom are medical providers).  Accordingly, the TRO is denied without prejudice to plaintiff Jones renewing this request, should it become necessary to do so.

## V.   Order for Defendants to File a Status Report

Notwithstanding the denial of the emergency motion for TRO, the Court is concerned by the seriousness of the allegations with respect to the alleged denial to Jones of medically prescribed medications (Eucerin and Gabapentin), adequate drinking water and a bottom bunk pass.  Accordingly, it is hereby Ordered that the Clerk shall send a copy of this

Memorandum and Order to legal counsel for the Massachusetts Department of Correction, as well as MCI Norfolk Superintendent Sean Medeiros, with a request that counsel provide this court with a Status Report, preferably within twenty-one (21) days of this Memorandum and Order, regarding Jones' medications, bunk assignment and access to distilled drinking water.

### ORDER

Based upon the foregoing, it is hereby Ordered that:

1.   Plaintiff CFB's Motion to Proceed *In Forma Pauperis* is DENIED.  If CFB intends to proceed in this action, CFB must retain counsel.  Unless counsel enters an appearance within 21 days of the date of this Memorandum and Order, CFB will be dismissed as a party to this action;

2.   If LeBaron wishes to proceed as a plaintiff in this action, within 21 days of the date of this Memorandum and Order, he either must pay the applicable filing fee or move to proceed *in forma pauperis* with a claim asserting an imminent danger of serious physical injury;

3.   Plaintiff Jones' Motion to Proceed *In Forma Pauperis* is ALLOWED and the assessment of the filing fee pursuant to § 1915(b)(1)-(2) is DEFERRED;

4.   Within 42 days of the date of this Memorandum and Order, plaintiff Jones shall submit his certified prison account statement under 28 U.S.C. § 1915, failing which this action may

be dismissed. The Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at MCI Norfolk in order to facilitate any request by Jones for his certified prison account statement.  The Court requests that the Treasurer's Office include in any prison account statement Jones' average monthly deposits for the six-month period preceding February 21, 2017, as well as the average monthly balance for that same period;

5.   Plaintiffs' Emergency Motion for TRO to Enforce All Doctors' Orders and FLUIPA Religious Exercise is DENIED without prejudice;

6.   The Clerk shall issue summonses as to the <u>identified</u> defendants only: Massachusetts Partnership for Correctional Health (MPCH), the Massachusetts Department of Correction, Stephanie Byron, and Linda M. Farag;

7.   Because Jones is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Jones, the USMS shall serve a copy of the summonses, complaint and this Memorandum and Order upon the defendants as directed by plaintiff. The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide the plaintiff with forms and instructions for service by the USMS;

8.     Service must be within 90 days of the date the summonses issue and must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1;

9.     Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants shall respond to the complaint as provided for in the Federal Rules of Civil Procedure;

10.   The Clerk shall send a copy of this Memorandum and Order to legal counsel for the Massachusetts Department of Correction and Superintendent Medeiros with the request for a Status Report noted; and

11.   Plaintiffs' failure to comply with the directives of this Order may result in dismissal of that party's claims from this action.

SO ORDERED.

                                    /s/ Patti B. Saris
                                    PATTI B. SARIS
                                    CHIEF UNITED STATES DISTRICT JUDGE