```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

NATHAN MARQUIS LEBARON, et al.,   )
        Plaintiffs,                    )
                                       )  Civ. Action No. 17-10323-PBS
        v.                             )
                                       )
MASSACHUSETTS PARTNERSHIP FOR     )
CORRECTIONAL HEALTH, et al.,      )
        Defendants.                    )

                        MEMORANDUM AND ORDER
                           June 14, 2017

SARIS, C.D.J.

    This civil rights action was initiated two Massachusetts prisoners and a non-profit corporation ("CFB"). For the reasons stated below, this action is dismissed without prejudice.

                              BACKGROUND

    By Memorandum and Order dated March 20, 2017, the Court, among other things, granted Jones' Motion to Proceed *In Forma Pauperis* and deferred the assessment of the filing fee until the Court receives a copy of Jones' certified prison account statement. See Docket No. 8. Summons were issued for service of the identified defendants and Jones was advised that that he may elect to have the United States Marshals Service complete service on his behalf. Id.

    By Memorandum and Order dated May 5, 2017, the Clerk was directed to terminate Nathan LeBaron and CFB as parties to this action. See Docket No. 16. Jones was granted until May 31,

2017, to submit a certified prison account statement failing which this action may be dismissed.  Id.

The Court's records indicate that Jones has not filed a copy of his prison account statement and the time to do so has expired.  See Docket.  Additionally, the Clerk contacted the Boston civil process division of the United States Marshals Service and was advised that they have not received a request for service of the summons that were issued on March 20, 2017.

DISCUSSION

It is a long-established principle that this Court has the authority to dismiss an action sua sponte for a plaintiff's failure to prosecute his action and his failure to follow the Court's orders. Fed. R. Civ. P. 41(b).  "[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002); accord Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) ("to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs' "). Further, "The authority to order dismissal in appropriate cases is a necessary component of that capability." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 4.

To date, Jones was twice advised that upon receipt of his account statement, the Court would direct the prison treasurer to withdraw an initial partial payment from his prison account, followed by payments on a monthly basis, until the $350.00 filing fee was paid for this action.  See Docket Nos. 8, 16. These Orders afforded Jones notice of the possibility of a dismissal.  See Malot v. Dorado Beach Cottages Associates, 478 F.3d 40, 44-45 (1st Cir. 2007).

The fact that Jones has not filed his account statement with the Court suggests that he may have decided not to press his claim and incur the filing fee payment obligation.  The action, therefore, will be dismissed without prejudice for failure to comply with the Court's orders.

## ORDER

Based upon the foregoing, it is hereby Ordered that:

1.   This action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with orders of the Court; and

2.   The Clerk shall enter a separate order of dismissal.

SO ORDERED.

    /s  / Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE