```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


NATHAN MARQUIS LEBARON, et al.,   )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )  Civ. Action No. 17-10323-PBS
                                  )
MASSACHUSETTS PARTNERSHIP FOR     )
CORRECTIONAL HEALTH, et al.,      )
                                  )
        Defendants.               )
```

MEMORANDUM AND ORDER

August 31, 2017

SARIS, C.D.J.

Plaintiff Stephen Jones, proceeding pro se, has filed a Motion for Court to Reinstate Plaintiff's Complaint, which the Court has construed as a motion under Rule 60(b) for relief from this Court's order of June 14, 2017 dismissing this action for failure to prosecute under Federal Rule of Civil Procedure Rule 41(b). For reasons that follow, the case will be reopened.

BACKGROUND

Stephen Jones, an inmate in custody at MCI Norfolk, initiated this civil rights action with another inmate [Nathan LeBaron] and a non-profit corporation [Church of the Firstborn Kahal Hab'Cor] against various prison medical and administrative staff, and others, alleging the denial of adequate drinking

water.  See Docket No. 1.  It is alleged that consumption of contaminated water conflicts with plaintiffs' access to a religious diet as prescribed by their Church and that the water treatment methods present a health risk to Jones, who received a transplanted liver.  Id.

Lebaron's motion to proceed in forma pauperis was denied pursuant to 28 U.S.C. § 1915(g) and the Church was granted additional time for counsel to enter an appearance.  See Docket No. 8.  Notwithstanding the fact that he did not file a copy of his prison account statement, Jones' motion to proceed in forma pauperis was granted and the Court deferred the assessment of the filing fee until the Court received a copy of Jones' certified prison account statement.  Id.  At that time, plaintiffs' emergency motion was denied and the Court requested a Status Report regarding Jones' medications, bunk assignment and access to distilled drinking water.  Id.

Summons were issued for service of the four defendants identified in the complaint.  See Docket No. 9.  Jones was advised that that he may elect to have the United States Marshals Service complete service on his behalf.  See Docket Nos. 8, 9-1.

A timely status report was filed by DOC counsel, who entered a limited appearance.  See Docket Nos. 13, 14.  The Court denied Jones' subsequent motion for reconsideration of the

denial of the emergency motion.  See Docket No. 16.  At that time, Jones was directed to submit a copy of his prison account statement.  Id.

On May 5, 2017, the Clerk terminated Nathan LeBaron and CFB as parties to this action.  See Docket No. 16.  Jones was granted until May 31, 2017, to submit a certified copy of his prison account statement, see 28 U.S.C. §§ 1915(b)(1)-(2), for assessment and collection of filing fee payments when funds exist.  Id.

In the affidavit accompanying the motion to reopen, Jones avers, among other things, that he became "very sick" during the months of February and March and, on April 2, 2017, was transported by ambulance to Norwood Hospital.  See Docket No. 19-1.  A week later, Jones was transferred to UMass Medical Center for surgery on his right lung.  Id.  Before returning to MCI Norfolk on May 18, 2017, he remained hospitalized at various placements including the Lemuel Shattuck Hospital and the prison infirmary at the Souza Baranowski Correctional Center.  Id.  After bring brought to UMass Medical Center on July 5, 2017, Jones was "cleared."  Id.  At that time, he received his legal mail, including the Court's May 5, 2017 Order and the April 10, 2017 Status Report.  Id.  Jones notes that the April 10, 2017 Status Report, see Docket No. 13-11, includes a copy of his prison account statement.  See Docket No. 19.

3

DISCUSSION

**I.   Motion for Court to Reinstate Plaintiff's Complaint**

The Court must liberally construe the motion because Jones is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991); see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520)).

While the Federal Rules of Civil Procedure do not expressly allow for motions to reinstate, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may file a motion under either Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to grant a party relief from a prior final judgment for certain enumerated reasons.[1]  Rule

---

[1]The rule provides for relief on the following grounds: "mistake, inadvertence, surprise or excusable neglect," Fed. R. Civ. P. 60(b)(1); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2); "fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3); "the judgment is void," Fed. R. Civ. P. 60(b)(4); "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

4

60(c)(1) provides a one year limitation period "for reasons (1), (2) and (3) [of Rule 60(b) ]" and there is no time limitation for a motion brought under Rule 60(b)(6). Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993).

Jones' motion was signed on July 20, 2017 and filed with the Court on July 26, 2017. Even if the court construed the filing under the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), the earliest the Court would find the motion filed is July 20, 2017, which is more than a week after the 28 day time limit under Rule 59(e). Twenty-eight days after final judgment entered on June 14, 2017, would be July 12, 2017. Therefore, Jones' motion will be construed as a motion to reconsider filed pursuant to Rule 60(b).

A motion for reconsideration will be allowed only if (1) the movant presents newly discovered evidence, (2) shows there has been an intervening change in the law or (3) demonstrates that the initial "decision was based on a manifest error of law or was clearly unjust." Cruz v. Talmadge, No. 15-13258-NMG, -- F. Supp. 3d --, 2017 WL 1128443, at *4 (D. Mass. Mar. 23, 2017) (citing Noel v. Walt Disney Parks & Resorts U.S., Inc., No. 10-40071-FDS, 2011 WL 6258334, at *1 (D. Mass. 2011)).

---

equitable," Fed. R. Civ. P. 60(b)(5); or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

The Court concludes that Jones should be relieved from the order dismissing his case for failure to prosecute based on his severe illness at the pertinent time. The Court finds that Jones' failure to attend to this lawsuit in such circumstances is excusable. In the absence of significant prejudice to the defendants, the balance of interests tips in favoring of reopening.

**II. Prison Litigation Reform Act Filing Fee**

Jones was previously permitted to proceed in forma pauperis and assessment of the filing fee pursuant to the Prison Litigation Reform Act was deferred. Upon review of Jones' prison account statement, see Docket No. 13-11, Jones is assessed an initial partial filing fee of $30.00, pursuant to 28 U.S.C. § 1915(b)(1)(B), with the remainder of the fee [$320.00] to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall notify the Treasurer's Office at MCI Norfolk to facilitate payment.

**III. Enlargement of Time for Service of Process**

In light of the reinstatement of this case, the Court will enlarge Jones' time to effect service of the summonses and complaint upon the four defendants identified in the complaint to a date 90 days from the date of this Memorandum and Order. See Fed. R. Civ. P. 4(m) (court, on its motion, may enlarge the time to effect service). The Court directs: (1) the Clerk to

reissue summons for Massachusetts Partnership for Correctional Health (MPCH), the Massachusetts Department of Correction, Stephanie Byron, and Linda M. Farag; and (2) the United States Marshal to serve the summonses and complaint as directed by Jones with all costs of service to be paid by the United States.

Jones remains the sole plaintiff in this action.  In order to avoid confusion, the case titled assigned at the opening of this case shall be amended to reflect the earlier dismissal of plaintiffs Nathan LeBaron and the Church of the Firstborn Kahal Hab'Cor.  The case caption shall be changed to reflect Stephen Jones as the sole plaintiff.

## **ORDER**

Based upon the foregoing, it is hereby Ordered that:

1. The motion for relief under Rule 60(b) is hereby granted;

2. The Clerk is directed to reopen and reinstate the case on the Court's docket with Stephen Jones as the sole plaintiff;

3. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $30.00.  The remainder of the fee, $320.00, shall be collected in accordance with 28 U.S.C. § 1915(b)(2);

4. The Clerk shall reissue summonses as to Massachusetts Partnership for Correctional Health (MPCH), the Massachusetts Department of Correction, Stephanie Byron, and Linda M. Farag.

The time to effect services of the summonses and complaint upon the defendants is enlarged to a date 90 days from the date of this Memorandum and Order.

5. Because Jones is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Jones, the USMS shall serve a copy of the summonses, complaint and this Memorandum and Order upon the defendants as directed by plaintiff. The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide the plaintiff with forms and instructions for service by the USMS; and

6. Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants shall respond to the complaint as provided for in the Federal Rules of Civil Procedure.

SO ORDERED.

                                       /s/ Patti B. Saris
                                       PATTI B. SARIS
                                       CHIEF UNITED STATES DISTRICT JUDGE